## KINSLEY v. GRUPPE.

### (Circuit Court of Appeals, Third Circuit. April 26, 1917.)

### No. 2209.

1. SALES ☞364(2)—ACTIONS FOR PRICE—INSTRUCTIONS—TITLE OF SELLER—EVIDENCE.

In an action for the purchase price of a picture, which the former owner had delivered to plaintiff, who testified that he had bought it, it was not error to charge that possession of personal property was evidence of title, and that the jury was justified in reaching the conclusion that a man owns that which he possesses, especially where, after the trial, the court safeguarded defendant by having the picture secured to him, together with a release from the former owner, on payment of the judgment.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1066.]

2. SALES ☞364(8)—VALIDITY—SALE AFTER INSPECTION—GENUINENESS OF PICTURE.

Where defendant agreed to purchase a picture, which plaintiff had permitted him to examine, and there was no fraud or deception on the part of plaintiff, or guaranty that the picture was genuine, the court properly refused to submit to the jury the question of its genuineness, limiting their consideration to the question whether that was the picture which defendant had agreed to buy.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1073.]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action by Charles P. Gruppe against Joseph T. Kinsley. Judgment for plaintiff, and motion for new trial was denied (227 Fed. 933), and defendant brings error. Affirmed.

Harry D. Wescott, of Philadelphia, Pa., and John W. Wescott, of Camden, N. J., for plaintiff in error.

Ralph N. Kellam, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, Charles Gruppe, a citizen of New York, brought suit against Joseph T. Kinsley, a citizen of Pennsylvania, to recover $5,000, a sum alleged to have been agreed upon as the purchase price of a picture sold by the former to the latter. On trial the jury found for the plaintiff, and on entry of judgment thereon defendant sued out this writ.

Without entering upon a discussion of each of the 15 assignments of error, we may say they, in substance, center around two questions: First, was there sufficient proof of the plaintiff's ownership of the picture to justify the court in submitting the case to the jury? and, second, did the court err in withdrawing from the jury the question whether the painting was the work of Anton Mauve, the well-known Dutch painter?

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] In respect to title, it is alleged the court erred in directing the jury:

"The plaintiff in the case has possession of this picture. The possession of personal property, without anything, is evidence of title. You can reach the conclusion from that, and you are justified in reaching the conclusion from that, that a man does own that which he possesses."

As applied to the situation, we find no error in these instructions. The picture had been owned by one Fliermanns, who lived in Holland, and at Kinsley's suggestion, and after Kinsley had seen a photograph of it, Gruppe had it sent from Holland to himself in New York, in order that Kinsley might inspect it. After such inspection, on its arrival in New York, it was sent to Kinsley in Philadelphia, who in reply wrote Gruppe:

"I beg to acknowledge receipt of your favor of the 1st inst., and beg to say, in reply, the painting by A. Mauve arrived in splendid condition. It has created somewhat of a sensation. I have enjoyed very much showing it to a number of gentlemen and art critics, who were very much impressed. I will make final settlement in a few days as agreed to."

There was no evidence of any bad faith in the matter, as both Gruppe and Kinsley were men of large and long familiarity with paintings. Gruppe, when on the stand, testified he had bought the picture, and that the price which Kinsley agreed to pay him for it was $5,000. During the trial, a number of artists and dealers testified the picture was a genuine Mauve, while others testified to their belief that it was a copy. In the light of the issues and the proofs, we are of opinion no error was committed by the court. As to the question of title, no such question was raised by the defendant in the pleadings, and the plaintiff expressly testified he had bought the picture. We also note that after the trial the court took proper steps to safeguard the defendant by having the picture itself secured to him, together with a release from Fliermanns, the former owner, on payment of the judgment.

[2] As to the question of the identity of the painter, we are of opinion the court committed no error. The sale was of a canvas which the purchaser had examined. There was no fraud or deception on the part of Gruppe, nor any guaranty on his part that it was the work of Mauve. Under the circumstances, we think the court was right in refusing to submit to the jury the question whether Mauve was the painter of the picture, and in confining it to the issue before it, namely, whether these parties had made a contract for the purchase and sale of this painting, whether they had agreed on a price, whether the plaintiff had performed his part of the contract, and whether the defendant had refused to perform his.

Finding no error in the trial of the cause, the judgment below is affirmed.